UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC STEIN, on behalf of himself and all others similarly situated, | NO. |
| Plaintiff, | **COMPLAINT—CLASS ACTION** |
| vs. | **DEMAND FOR JURY TRIAL** |
| I 5 EXTERIORS, INC., | |
| Defendant. | |

Eric Stein, individually and on behalf of others similarly situated, alleges the following against Defendant I 5 Exteriors, Inc. ("I 5 Exteriors" or "Defendant").

## I. NATURE OF ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally

COMPLAINT—CLASS ACTION - 1

Turke & Strauss LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Plaintiff, Eric Stein (hereinafter "Plaintiff"), brings this action to enforce the consumer-privacy provisions of the TCPA alleging that I 5 Exteriors sent telemarketing calls to him and other putative class members without their prior express written consent.

3. The calls were made in the absence of an adequate "do not call" policy or training as well as making calls to individuals who have taken the affirmative step of registering their number on the National Do Not Call Registry.

4. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of two proposed nationwide classes of similarly situated persons.

5. A class action is the best means of obtaining redress for Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## II.  JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA.

7. This Court has personal jurisdiction over I 5 Exteriors, and venue is proper in this District under 28 U.S.C. § 1391(b) because I 5 Exteriors resides in this District.

## III.  PARTIES

8. Plaintiff, Eric Stein, is citizen of Oregon, residing in Washington County, Oregon.

9. Defendant, I 5 Exteriors, Inc., is a Washington corporation with its principal place of business located at 8100 NE Saint Johns Rd., Suite D-101, Vancouver, Washington 98665. I 5 Exteriors, thus, is a citizen of Washington.

COMPLAINT—CLASS ACTION - 2

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

## IV. TCPA BACKGROUND

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**A.   The TCPA's Requirement that Entities have Sufficient Policies in Place Prior to Making Telemarketing Calls**

11. The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

12. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

13. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

14. These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

15. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

16. This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the

COMPLAINT—CLASS ACTION - 3

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

17. These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

18. Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

**B.     The TCPA Prohibits Calls to the National Do Not Call Registry**

19. The TCPA also prohibits make multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

20. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

21. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

## V.  FACTUAL ALLEGATIONS

**A.     Factual Allegations Regarding Defendant**

22. I 5 Exteriors is a "commercial and residential contractor specializing in roofing, siding, windows, decking, fire and water restoration, and emergency situations." https://i5exteriors.com/# (last visited February 4, 2021).

23. I 5 Exteriors "proudly serve[s] the Portland and SW Washington area[s]" with its principal office in Vancouver, Washington and additional offices in Long Beach, Washington, and Salem, Oregon.  https://i5exteriors.com/contact (last visited February 4, 2021).

COMPLAINT—CLASS ACTION - 4

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1  24. According to its website, I 5 Exteriors' telephone number is (360) 718-2203.
2  https://i5exteriors.com/# (last visited February 4, 2021).
3  25. One of I 5 Exteriors' strategies for marketing its contractor services includes the
4  use of telephone solicitation calls.
5  26. In fact, telemarketing is a central part of I 5 Exteriors' marketing efforts, as it
6  has advertised for the position of hiring a "Telemarketing Call Center Manager." *See*
7  https://www.wayup.com/i-j-I-5-Exteriors-Inc-293859761863484/ (last visited January 28,
8  2021).
9  27. Recipients of these telephone solicitation calls, including Plaintiff, did not
10  consent to receive such calls.

11  **B.     Factual Allegations Regarding Plaintiff**

12  28. Plaintiff is, and at all times mentioned herein was, a "person" as defined by
13  47 U.S.C. § 153(39).
14  29. Plaintiff's telephone number, (XXX) XXX-0131, is a non-commercial
15  telephone number not associated with any business.
16  30. Plaintiff's telephone number, (XXX) XXX-0131, is used for personal residential
17  purposes.
18  31. Plaintiff's telephone number, (XXX) XXX-0131, has been listed on the
19  National Do Not Call Registry since 2003.
20  32. Plaintiff has never been an I 5 Exteriors customer and never consented to
21  receive calls from I 5 Exteriors.
22  33. On June 27, 2019, Plaintiff received a live telephone solicitation call on his
23  residential telephone line offering a free construction estimate.
24  34. The caller ID showed the call was from telephone number (360) 718-2203.
25  35. (360) 718-2203 is the telephone number associated with I 5 Exteriors and is
26  listed on its website. *See* https://i5exteriors.com/# (last visited February 4, 2021).
27

COMPLAINT—CLASS ACTION - 5

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

36. The caller identified themselves as being from I 5 Exteriors and were calling to offer a construction estimate.

37. The caller further explained that I 5 Exteriors had individuals in the area who could come to his home and provide the estimate.

38. Plaintiff was not interested in a construction estimate and informed the I 5 Exteriors representative as much.

39. Plaintiff also informed the I 5 Exteriors representative that he was on the National Do Not Call Registry.

40. Plaintiff further informed the I 5 Exteriors representative that he did not want to receive calls from I 5 Exteriors and requested that they cease calling him.

41. Nonetheless, I 5 Exteriors continued to call Plaintiff.

42. Plaintiff received additional calls from I 5 Exteriors on October 25, 2019, and March 20, 2020, as well as an earlier call on April 17, 2018.

43. On June 30, 2020, Plaintiff received yet another telephone solicitation call from I 5 Exteriors.

44. When Plaintiff answered the call, the caller identified themselves as being from I 5 Exteriors and were again calling to offer to provide a construction estimate.

45. The caller again explained that I 5 Exteriors had individuals in the area who could come to his home and provide the estimate.

46. Again, Plaintiff was not interested in a construction estimate and informed the I 5 Exteriors representative as much.

47. Plaintiff also again informed the I 5 Exteriors representative that he was on the National Do Not Call Registry and that he did not want to receive calls from I 5 Exteriors.

48. Each of the above-described calls occurred after Plaintiff had registered his residential telephone number with the National Do Not Call Registry.

COMPLAINT—CLASS ACTION - 6

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

49. Plaintiff was so bothered by the calls from I 5 Exteriors that, shortly after the June 30, 2020, call, he filed complaints with both the Washington Attorney General's Office and the Oregon Attorney General's Office to report the unwanted telemarketing calls.

50. Plaintiff is not alone. Other individuals have complained about receiving telephone solicitation calls from I 5 Exteriors and have left accompanying reviews online:

> Placed an unsolicited call to my home in VIOLATION of the FTC do not call list. If they can't follow the law before being hired then why would I trust them to follow the law including relevant city and building codes? They do not appear to be trustworthy, so I will NEVER USE THEM.

https://www.yelp.com/biz/i5-exteriors-vancouver (last visited January 28, 2021).

51. Plaintiff and other individuals who received these calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

## VI.  CLASS ACTION ALLEGATIONS

52. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of two Classes of all other persons or entities similarly situated throughout the United States.

53. Plaintiff proposes the following Class definitions (collectively referred to as the "Classes"), subject to amendment as appropriate:

> **National DNC Class**: All persons to whom: (a) I 5 Exteriors, and/or any third party acting on I 5 Exteriors' behalf, made more than one non-emergency telephone calls; (b) promoting I 5 Exteriors' services; (c) to a residential telephone number; (d) that had been listed on the National Do Not Call Registry for at least 31 days prior to the first call; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Internal DNC Class**: All persons to whom: (a) I 5 Exteriors, and/or any third party acting on I 5 Exteriors' behalf, made more than one non-emergency telephone calls; (b) promoting I 5 Exteriors services; (c) to a residential telephone number; and (d) who were not a current customer of Defendant at the time of the call.

COMPLAINT—CLASS ACTION - 7

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

54. Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

55. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the class members.

56. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

57. This class action complaint seeks injunctive relief and money damages.

58. The Classes, as defined above, are identifiable through telephone records and telephone number databases.

59. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

60. Individual joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

61. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

62. There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

   a. Whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

   b. Whether Defendant maintained a written "do not call" policy;

   c. Whether Defendant trained employees or agents engaged in telemarketing on the existence and usage of any "do not call" policy;

COMPLAINT—CLASS ACTION - 8

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

      d.      Whether Defendant recorded or honored "do not call" requests;

      e.      Whether Defendant's conduct constitutes a violation of the TCPA; and

      f.      Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

63. Plaintiff's claims are typical of the claims of the Classes. Plaintiff's claims, like the claims of Classes, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

64. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so. Neither Plaintiff nor his counsel have interests that are contrary to or that conflict with those of the proposed Classes.

65. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

66. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

67. Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

68. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 C.F.R. § 64.1200(d) & 47 U.S.C. § 227(c)(5)**
**(On Behalf of Plaintiff and the Internal DNC Class)**

69. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

70. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of 47 C.F.R. § 64.1200(d), by initiating any call for telephone solicitation purposes to Plaintiff and members of the Internal DNC Class, without following procedures for maintaining a list of persons who request not to receive telephone solicitation calls ("internal do not call list"). This includes Defendant's failure to properly record "do not call" requests, failure to maintain a record of "do not call" requests, and failure to honor "do not call" requests.

71. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf placed two or more telephone solicitation calls to Plaintiff and members of the Internal DNC Class in a 12-month period.

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

72. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of 47 C.F.R. § 64.1200(d), Plaintiff and members of the Internal DNC Class are entitled to an award of $500 in statutory damages for each and every call in violation of the internal do not call list regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

73. Plaintiff and members of the Internal DNC Class are entitled to an award of treble damages in an amount up to $1,500 for each and every call in violation of the internal do not call list regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

74. Plaintiff and members of the Internal DNC Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telephone solicitation calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 C.F.R. § 64.1200(c) & 47 U.S.C. § 227(c)(5)**
**(On Behalf of Plaintiff and the National DNC Class)**

75. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

76. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, by initiating telephone solicitation calls to Plaintiff and members of the National DNC Class, whose residential telephone numbers have been listed on the National Do Not Call Registry for more than 31 days prior to the first call.

77. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, Plaintiff and members of the National DNC Class are entitled to an award of $500 in statutory damages for each and every

TURKE & STRAUSS LLP
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

call initiated to them or up to $1,500 for each telephone solicitation call initiated to them deemed to be a "willful or knowing" violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

78.     Plaintiff and members of the National DNC Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telephone solicitation calls to any telephone subscriber who has registered their telephone numbers with the National Do Not Call Registry, absent emergency circumstances, in the future.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.   Certification of the proposed Classes;

B.   Appointment of Plaintiff as representative of the Classes;

C.   Appointment of the undersigned counsel as counsel for the Classes;

D.   A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.   An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance.

F.   An award to Plaintiff and the Classes of damages, as allowed by law; and

G.   Orders granting such other and further relief as the Court deems necessary, just, and proper.

COMPLAINT—CLASS ACTION - 12

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

**VIII.  DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 5th day of February, 2021.

          TURKE & STRAUSS LLP

          By: /s/ Samuel J. Strauss, WSBA #46971
               Samuel J. Strauss, WSBA #46971
               Email: sam@turkestrauss.com
               936 North 34th Street, Suite 300
               Seattle, Washington 98103-8869
               Telephone: (608) 237-1775
               Facsimile: (608) 509-4423

*Attorneys for Plaintiff*

COMPLAINT—CLASS ACTION - 13

**TURKE & STRAUSS LLP**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com