UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC STEIN,<br><br>              Plaintiff,<br><br>       v.<br><br>I 5 EXTERIORS INC.,<br><br>              Defendant. | CASE NO. 3:21-CV-5093-DWC<br><br>ORDER DENYING DEFENDANT'S MOTION TO QUASH |

Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 9. Currently before the Court is Defendant's Motion to Quash. (Dkt. 22).

BACKGROUND

Plaintiff alleges Defendant violated the Telephone Consumer Protection Act of 1991 (TCPA) by making telemarketing calls to his phone number and the numbers of other putative class members registered on the National Do Not Call Registry. Dkt. 1.

In May 2021 the Court granted a motion to quash Plaintiff's first subpoena to third-party LOGMEIN Communications (LOGMEIN), which sought: (1) records of all outbound calls by I 5

Exteriors Inc. from February 5, 2021 through the current date, and (2) records of all outbound calls by any entity that used 360-718-2203 from February 5, 2021 through the current date, and (3) A declaration confirming the authenticity of the same. Dkt. 21. The Court reasoned that because Plaintiff sought information outside the dates Plaintiff alleges Defendant called him, Plaintiff was "not seeking information related to the calls made to Plaintiff by Defendant…[but to] find a lead plaintiff…". *Id*. at 4.

On July 30, 2021, Defendant filed another motion to quash. Dkt. 22.[1] This time, Defendant seeks to quash two subpoenas Plaintiff served upon third-parties LOGMEIN and Cole's Neighborhood (Cole's). On August 11, 2021, Plaintiff filed an opposition to the motion. Dkt. 25. On August 20, 2021, Defendant replied.[2] Dkt. 32.

Meanwhile, on August 13, 2021, the Court signed the parties' Stipulated Protective Order. Dkt. 29.

## STANDARD

Pursuant to Fed. R. Civ. P. 16 the Court has broad discretion to manage discovery and control the course of litigation. *See Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). All civil litigants are entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

---

[1] Defendant requested oral argument. Dkt. 22 (Motion caption). The Court has reviewed the Motion, Response, Reply, and the relevant record and determined oral argument is unnecessary. *See* Fed. R. Civ. P. 78. Therefore, the Court denies Defendant's request for oral argument.

[2] Defendant moved for an extension of time to file its reply. Dkt. 30. Plaintiff does not oppose an extension, but notes Defense counsel failed to meet and confer with Plaintiff's counsel prior to filing the motion. Dkt. 31. The motion for extension (Dkt. 30) is granted, and Defense counsel is reminded to comply with all federal and local rules.

On timely motion, the Court "must quash or modify a subpoena that," in relevant part, "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The Court may also quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information[.]" Fed. R. Civ. P. 45(d)(3)(B)(i). The party seeking to quash or modify a subpoena bears the burden of showing that the subpoena should be quashed or modified. *See Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966).

DISCUSSION

The subpoenas Defendant seeks to quash are directed at third-party LOGMEIN, which conducted telemarketing on behalf of Defendant, and third-party Cole's, from whom Defendant purchased potential customer's phone numbers. *See* Dkt. 26-6 at 2.

The subpoena to LOGMEIN seeks: (1)… records of all outbound calls by I 5 Exteriors Inc. or I 5 Restoration Inc. from February 5, 2017 through the current date; and (2) A declaration confirming the authenticity of the same. Dkt. 34-1 at 34. And the subpoena to Cole's seeks: (1) Records of telephone number[s] sold to the defendant or I 5 Restoration, Inc. since February 5, 2017 or records of consent to receive calls from same; and (2) Records reflecting any process of selling telephone numbers to the defendant or I 5 Restoration, Inc. that include removing numbers from the National Do Not Call Registry. Dkt. 34-1 at 2.

Defendant objects to both subpoenas on a number of grounds. First, according to Defendant, the information sought is beyond the scope of Fed. R. Civ. P. 26(b)(1) because Plaintiff is fishing for a client to be named the lead Plaintiff in a not-yet-certified class action. Dkt. 22 at 4. Plaintiff persuasively rebuts this argument, explaining that the information is sought to identify whether and when Defendant made telemarketing calls to Plaintiff and the putative

class members. Dkt. 25 at 12. Plaintiff relies, in part, on *Mey v. Frontier Commc'ns Corp.*, No. 13-cv-01191-MPS, ECF No. 102 (D. Conn. Dec. 5, 2014), a TCPA case in which the court granted a motion to compel similar information as Plaintiff seeks here, finding it "will assist Plaintiff's experts in determining which phone numbers were tied to cellular phones, which calls were for telemarketing purposes, which numbers were on the National Do Not Call Registry ("NDNCR") and which calls were made using an automatic telephone dialing system ("ATDS")" and thus "[t]he information is [] relevant to the numerosity, commonality, and typicality inquiries the Court will undertake to decide Plaintiff's motion for class certification under Rule 23." According to Plaintiff, the documents he seeks will also help to establish the number of alleged violations of the TCPA by indicating how many calls were made to telephone numbers registered on the National Do Not Call Registry, and whether Defendant took measures to avoid calling such numbers. Dkt. 25 at 12. This Court concurs with Plaintiff that the documents sought in these subpoenas are relevant to class certification requirements[3] and potentially to both the claims *and* defenses.

---

[3] Fed. R. Civ. P. 23(c)(1)(A) provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." To maintain a class action, the plaintiff must satisfy the requirements of Fed. R. Civ. P. 23(a), which states:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Pre-certification discovery may be permitted where the plaintiff demonstrates "that discovery measures are likely to produce persuasive information substantiating the class action allegations." *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977). "Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

Defendant's next objection is that Plaintiff has not proven the telephone number in question—(360) 718-2203—belongs to Defendant. Dkt. 22 at 5. In support of this argument Defendant refers the Court to paragraph six of the "Declaration of Chad Dillinger" which states, "The phone records provided indicate that the number in question (360) 718-2203, belongs to i5 9 (sic) Restoration, Inc. and *not* I 5 Exteriors, Inc." Dkt. 24 at 1. However, Plaintiff offers evidence that I 5 Restoration's website automatically redirects to Defendant I 5 Exterior's website (Dkt. 26 at 1-2), that until recently (360) 718-2203 was the number listed on I 5 Exteriors' website (*Id.*), that both businesses are registered with the Secretary of State using the exact same address for their Principle Place of Business (Dkt. 26-8 at 2; Dkt. 26-8 at 2), and that in his complaint to the Washington Attorney General regarding the unwanted calls from (360) 718-2203 Plaintiff indicated the caller said she was from I 5 Exteriors (Dkt. 27-2 at 6). This Court finds the question of whom the telephone number (360) 718-2203 is or was registered to during the relevant period is a nonprivileged matter that is relevant to both claims and defenses in this case, and is therefore discoverable under Fed. R. Civ. P. 26(b)(1). Accordingly, Defendant's argument that Plaintiff must prove this number was registered to Defendant before he can obtain discovery is without merit.

Next, Defendant argues that Plaintiff has not established Defendant ever called him. Dkt. 22 at 5. Plaintiff responds that his "sworn discovery responses state that he received telephone calls from Defendant on April 17, 2018; October 25, 2019; March 20, 2020; and June 30, 2020…". Dkt. 25 at 9. Indeed, Defendant refers to a call log Plaintiff presumably produced, indicating Plaintiff's telephone number received inbound calls from (360) 718-2203 on April 17,

1  2018, October 25, 2019, and March 20, 2020[4]. Dkt. 32-1 at 9-11. However, Defendant is
2  unsatisfied that this constitutes proof Plaintiff was actually called by (360) 718-2203 because the
3  call log reflects a call "duration" of zero minutes. Dkt. 32 at 4. Again, Defendant's argument that
4  Plaintiff must prove this number called him before he can obtain discovery to prove it is without
5  merit.

6  Next, Defendant argues that Plaintiff may have been the one to initiate calls between the
7  parties, so seeking to discover calls made from Defendant to Plaintiff is intended "to distort the
8  fact that Defendant, and not Plaintiff, first called the other." Dkt. 22 at 5. This argument is
9  incongruous with the Complaint alleging Defendant made unwelcome calls to Plaintiff, and
10 Defendant's admission that it "has served its own subpoenas asking for incoming calls from
11 Plaintiff to Defendant," which Plaintiff has not moved to quash. Dkt. 22 at 5; Dkt. 34-1 at 10-16;
12 Dkt. 25 at 14. Defendant's position that it "should be permitted to obtain [its subpoenaed
13 records] before Plaintiff[]…because such information will reveal whether Plaintiff is indeed an
14 adequate class representative" is not well taken. *See* Dkt. 22 at 5.

15 Next, Defendant insists Plaintiff's failure to produce "any official proof from the Federal
16 Trade Commission, National Do Not Call Registry confirming Plaintiffs registration on the Do
17 Not Call List" shows he may not be an adequate class representative. Dkt. 32 at 3. The matter
18 presently at bar is not a Fed. R. Civ. P. 23 motion for class certification, it is a motion to quash
19 third-party subpoenas. Plaintiff need not show official proof that he is an adequate class
20 representative in order to obtain precertification discovery. Nevertheless, Plaintiff has produced a

---

[4] The Court has reviewed these documents and notes they do not reflect any calls from (360) 718-2203 on June 30, 2020.

ORDER DENYING DEFENDANT'S MOTION TO
QUASH - 6

screenshot of a confirmation message indicating the telephone number ending in 0131 was successfully registered on the registry in 2003. Dkt. 32-1 at 4.

Next, Defendant argues that the subpoenas seek "Defendant's confidential client lists so that Plaintiff may call up the numbers listed and solicit participation in this "class action" and certify the class. Dkt. 22 at 5. This argument is belied by the plain language of the subpoenas, which seek records of telephone numbers sold to and called by Defendant, not Defendant's confidential client lists. Notably, in this Court's previous order granting Defendant's motion to quash Plaintiff's subpoena to LOGMEIN, the Court stated that Defendant must "clearly articulate" that it has standing to bring a motion to quash a subpoena to a non-party. Dkt. 21 at 1 n. 1 (*citing Eric v. Van Cleave*, 2017 WL 553276, at *6 (W.D. Wash. Feb. 10, 2017) (citations omitted) ("A party lacks standing under [Rule] 45(c)(3) to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena."). Defendant does not acknowledge this burden, but does contend the information sought by the subpoenas to LOGMEIN is "related to Defendant's trade secrets and confidential information…". Dkt. 22 at 6. According to Defendant, documents responsive to the subpoena would include "Defendant's clients' identities and their confidential and personal contact information [which] has confidential economic value to Defendant." *Id*. Defendant also claims the information sought by the subpoena to Cole's seeks confidential and proprietary commercial information, which Defendant identifies as "certain call lists" it purchases from Cole's. Dkt. 22 at 7. However, Defendant does not cite any authority for the proposition that lists of telephone numbers or telephone calls to those numbers constitute confidential, proprietary

commercial information or trade secrets.[5] In any case, Defendant does not have an absolute right to refuse to divulge information claimed to be of a trade secret nature. *E. I. du Pont de Nemours Powder Co. v. Masland*, 244 U.S. 100, 103 (1917). Plaintiff compellingly argues that Defendant's contention is speculative, at best, and not supported by evidence or a particularized argument showing how Defendant has a proprietary interest in other people's names and phone numbers, much less how such information constitutes a "trade secret." Dkt. 25 at 16 (*citing Coalview Centralia, LLC v. Transalta Centralia Mining LLC*, No. 3:18-CV-05639-RBL, 2019 WL 2563851, at *3 (W.D. Wash. Mar. 21, 2019) (denying motion to quash, finding arguments that "the subpoena may disclose trade secrets or other proprietary information are speculative and contain only conclusory allegations that the subpoena could produce this type of information" because the moving party did not show any "evidence or particularized argument showing the scope of documents will impede on any such right or privilege.")).

Moreover, Plaintiff is correct that if any information responsive to the subpoena is revealed to be confidential it can easily be safeguarded by the existing Protective Order. *See* Dkt. 25 at 14-15 (*citing See McEnroe v. Microsoft Corp.*, No. CV-09-5053-LRS, 2010 WL 11618341, at *3 (E.D. Wash. Oct. 22, 2010) (denying motion to quash holding "[i]f at some point it is determined that the information constitutes confidential or otherwise protectable materials, Plaintiff can mark the subject documents "confidential" under the protective order agreed to by the parties in this case.")).

---

[5] Defendant cites only to *Vogue Instrument Corp. v. Lem Instruments Corp.*, 41 F.R.D. 346, 349 (S.D.N.Y. 1967), where the court denied a motion to quash, noting a protective order would suffice to protect any responsive material containing "confidential trade secret information belonging to the defendants…against unauthorized disclosure of such information to third persons, and particularly to competitors." *Id*.

Finally, Defendant argues the subpoenas are overbroad because they seek information beginning February 5, 2017, whereas Plaintiff alleges Defendant first called him in the Spring of 2018. Dkt. 22 at 5-6. However, Defendant does not have standing to object to third party subpoenas on grounds that the subpoena seeks irrelevant information or would impose an undue burden, "especially where the non-party, itself, has not objected." *First American Title Ins. Co. v. Commerce Assocs., LLC*, 2017 WL 53704, at *1 (D. Nev. Jan. 3, 2017) (citation and quotation marks omitted). Notably, Defendant's own subpoenas, discussed *supra*, seek records of calls made from numerous telephone numbers (not just the one Plaintiff has identified as being called by Defendant, beginning in February 2017). Dkt. 34-1 at 13, 15.

In sum, Defendant has not met its burden of showing the subpoenas to LOGMEIN and Cole's should be quashed.

## CONCLUSION

Defendant's motion for extension of time to file its reply (Dkt. 30) is GRANTED.

Defendant's motion to quash (Dkt. 22) is DENIED.

Dated this 15th day of September, 2021.

_____
David W. Christel
United States Magistrate Judge